JOSEPH ROCCA, PLAINTIFF-APPELLANT, v. FRANK CALABRESE, DEFENDANT-APPELLEE.

Submitted February 5, 1925—Decided October 7, 1925.

Sale of Real Estate—Deceit—Alleged Fraudulent Misrepresentation Regarding Condition of Cellar—Alleged Fraudulent Misrepresentation Regarding Amount of Principal To Be Secured by Second Mortgage—Nonsuit Sustained.

On plaintiff's rule to show cause.

Before Gummere, Chief Justice, and Justices Parker and Katzenbach.

For the plaintiff-appellant, *Gaetano M. Belfatto.*

For the defendant-appellee, *Egidio W. Mascia.*

Per Curiam.

This is substantially a suit for deceit in the sale of real estate by the defendant to the plaintiff. The trial judge awarded a nonsuit and allowed the plaintiff a rule to show cause, which is now before us for decision.

The first count of the complaint is based on alleged fraudulent misrepresentation by the defendant that, at the time of the execution of the contract of sale, the defendant fraudulently represented that the cellar of the premises was waterproof, and that plaintiff was induced to execute the contract by reason of that fraud.

The second count is based upon alleged fraudulent representation as to the amount of principal to be secured by a second mortgage which was executed by the plaintiff at the time of closing title, the allegation being that by this misrepresentation the plaintiff was induced to sign a mortgage for $500 more than he thought the paper called for. This count does not seem to have been pressed at the trial.

The third count is for loss of time and profits, and expenses incurred in trying to keep the cellar free of water after the plaintiff had taken title to the property. This, of course, is dependent upon the first count, and is really an extra claim for damages by reason of the alleged fraud on which the first count is based.

The trial judge, in awarding a nonsuit, intimated the opinion that plaintiff could not have been decived by any fraudulent misrepresentation as to the cellar being water-tight, because there was water in the cellar at the time the plaintiff made the contract, and that plaintiff saw it; secondly, as to the agreement to make it water-tight, this, under

all the evidence, was made, if made at all, before the contract was signed, and ought to have been included in the written contract; consequently, under the rule that all previous negotiations are held merged in the written contract, the plaintiff could not recover on it.

Our examination of the case leads us to the same conclusion as that reached by the trial judge, and the rule to show cause will accordingly be discharged.